# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 6:11-cv-00624 |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| SIEMENS CORPORATION., | ) |
| SIEMENS INDUSTRY, INC., | ) |
| SIEMENS AG, SIEMENS PRODUCT | ) |
| LIFECYCLE MANAGEMENT SOFTWARE, | ) |
| INC., AND SIEMENS PRODUCT | ) |
| LIFECYCLE MANAGEMENT SOFTWARE | ) |
| II (US) INC. | ) |
| | ) |
| Defendants. | |

## PLAINTIFF ROY-G-BIV CORPORATION'S SECOND COMPLAINT
## FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff ROY-G-BIV Corporation ("ROY-G-BIV"), for its second amended complaint, alleges as follows:

## THE PARTIES

1. Plaintiff ROY-G-BIV Corporation is a Washington corporation with its principal place of business at 154 E. Bingen Point Way, Suite E, Bingen, WA 98605. ROY-G-BIV Corporation is a software company dedicated to integrating motion-controlled machines and software.

2. Defendant Siemens Corporation. ("Siemens"), is a Delaware corporation with its principal place of business at 601 Lexington Ave., New York, NY 10022-4611. Defendant Siemens's may be served with process via its registered agent CT Corporation 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234

3. Defendant Siemens Industry, Inc. ("Siemens Industry") is a Delaware corporation with its principal place of business at 170 Wood Avenue South, Iselin, New Jersey 08830-2741. Defendant Siemens Industry may be served with process via its registered agent at CT Corporation 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

4. Defendant Siemens AG ("Siemens AG") is a German corporation with its principal place of business at Wittelsbacherplatz 2 Munich D-80333, Germany. Defendant Siemens AG may be served with process via its registered agent at Wittelsbacherplatz 2 Munich D-80333, Germany.

5. Defendant Siemens Product Lifecycle Management Software, Inc. ("Siemens PLM") is a Delaware corporation with its principal place of business at 5800 Granite Parkway, Suite 600, Plano, Texas 75024-6612. Defendant Siemens PLM may be served with process via its registered agent at CT Corporation 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

6. Defendant Siemens Product Lifecycle Management Software II (US), Inc. ("Siemens PLM II") is a Delaware corporation with its principal place of business at 5800 Granite Parkway, Suite 600, Plano, Texas 75024-6612. Defendant Siemens PLM may be served with process via its registered agent at CT Corporation 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

## JURISDICTION AND VENUE

7. This action is for Defendants' infringement of patents owned by ROY-G-BIV, and it arises out of the patent laws of the United States.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction (1) exists generally over the Defendants because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or (2) exists specifically over the Defendants (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. For example, Defendants place products (some of which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district.

10. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Upon information and belief, Defendants design, manufacture and market their infringing products in this district.

## THE PATENTS

11. On January 28, 2003, U.S. Patent No. 6,513,058 ("the '058 patent"), entitled, "Distribution of Motion Control Commands Over a Network," was duly and legally issued. A true copy of the '058 patent is attached as Exhibit A.

12. ROY-G-BIV holds all rights, title and interest to the '058 patent, including the rights to enforce the patent.

13. On September 23, 2008, the '058 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0276th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

14. On February 4, 2003, U.S. Patent No. 6,516,236 ("the '236 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '236 patent is

attached as Exhibit B.

15. ROY-G-BIV holds all rights, title and interest to the '236 patent, including the rights to enforce the patent.

16. On September 23, 2008, the '236 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0277th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

17. The '058 and '236 patents, among others, have already been the subject of a prior lawsuit, Cause No. 2:07-cv-00418; *ROY-G-BIV Corp. v Fanuc Ltd., et al*; In the United States District Court for the Eastern District of Texas, Marshall Division. A Markman hearing was held on these patents, among others, on April 16, 2009. A Claim Construction Order was issued by the Court on August 25, 2009.

18. On December 6, 2011, U.S. Patent No. 8,073,557 ("the '557 patent"), entitled "Motion Control Systems," was duly and legally issued. A true copy of the '557 patent is attached as Exhibit C.

19. ROY-G-BIV holds all rights, title and interest in the '557 patent, including the rights to enforce the patent.

## OVERVIEW OF COMMUNICATIONS BETWEEN PARTIES REGARDING THE PATENTS

20. On July 16, 2010, RGB presented Siemens the opportunity to license RGB's patents. Siemens agreed to evaluate the offer in a confirming letter dated Sept 9, 2010. After Siemens had the opportunity to evaluate RGB's portfolio of patents for six months, Siemens agreed in a letter dated March 11, 2011, to meet and discuss licensing RGB's patents. Shortly thereafter, Siemens and RGB agreed to meet on May 4, 2011.

21. But before that meeting could take place, Siemens changed its mind and decided not to engage in patent licensing discussions. It gave no reason.

22. By email of May 27, 2011, RGB requested an explanation for Siemens' changed position. Siemens responded by email dated June 9, 2011. It provided no explanation, and stated that it had no need to license RGB's patents or continue the licensing discussion.

## COUNT ONE

### (Infringement of the '058 Patent)

23. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

24. Defendants have been and are infringing one or more claims of the '058 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

25. Defendants' infringement includes but is not limited to its suite of products contained within and/or known as SIMATIC Products. This includes but is not limited to, Siemens' SIMATIC IT, SIMATIC WinCC, as well as Siemens' hardware products (and their related software products) such as Simatic S7, Simatic PCS7, Simotion, Sinamics, and Sinumerik.

26. Upon information and belief, Siemens manufactures, sells, markets and/or uses additional infringing products which Plaintiff is continuing to investigate and anticipates will be revealed during the course of discovery conducted in this case.

27. Defendants have willfully infringed and are willfully infringing the '058 patent.

28. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '058 patent.

29. ROY-G-BIV has been and will continue to be damaged by Defendant Siemens' infringement.

30. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT TWO

### (Infringement of the '236 Patent)

31. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

32. Defendants have been and are infringing one or more claims of the '236 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

33. Siemens' infringement includes but is not limited to its suite of products contained within and/or otherwise known as SIMATIC Products. This includes, but is not limited to, Siemens' SIMATIC IT, SIMATIC WinCC, as well as Siemens' hardware products (and their related software products) such as Simatic S7, Simatic PCS7, Simotion, Sinamics, and

Sinumerik.

34. Upon information and belief, Siemens manufactures, sells, markets and/or uses additional infringing products which Plaintiff is continuing to investigate and anticipates will be revealed during the course of discovery conducted in this case.

35. Defendants have willfully infringed and are willfully infringing the '236 patent.

36. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '236 patent.

37. ROY-G-BIV has been and will continue to be damaged by Defendant Siemens' infringement.

38. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT THREE

### (Infringement of the '557 Patent)

39. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

40. Defendants have been and are infringing one or more claims of the '557 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and automated equipment that are used with this software, without authority from ROY-G-BIV. Defendants also

encourage others to use their software and equipment in an infringing manner.

41. Siemens' infringement includes but is not limited to its suite of products contained within and/or otherwise known as SIMATIC Products. This includes, but is not limited to, Siemens' SIMATIC IT, SIMATIC WinCC, as well as Siemens' hardware products (and their related software products) such as Simatic S7, Simatic PCS7, Simotion, Sinamics, and Sinumerik.

42. Upon information and belief, Siemens manufactures, sells, markets and/or uses additional infringing products which Plaintiff is continuing to investigate and anticipates will be revealed during the course of discovery conducted in this case.

43. Defendants have willfully infringed and are willfully infringing the '557 patent.

44. ROY-G-BIV is in the process of complying with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '557 patent.

45. ROY-G-BIV has been and will continue to be damaged by Defendant Siemens' infringement.

46. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff ROY-G-BIV prays for the following relief against Defendants:

A. A judgment that Defendants have infringed, and continue to infringe, one or more

of the '058, '236 and '557 patents;

B. An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, including distributors and customers, enjoining them from infringing the '058, '236 and '557 patents;

C. An award of damages under 35 U.S.C. § 284, along with pre-judgment and post-judgment interest;

D. A trebling of such damages for Defendants' willful infringement;

E. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

F. An award of attorneys' fees, costs, and expenses; and

G. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ROY-G-BIV demands a trial by jury for all issues and claims so triable.

Respectfully submitted,

Dated: February 1, 2012 /s/ Adam Q. Voyles

Lance Lubel
Lead Attorney
Texas State Bar No. 12651125
Adam Q. Voyles
Texas State Bar No. 24003121
LUBEL VOYLES, LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 284-5200
Of Counsel: Fax: (713) 284-5250
E-mail: lance@lubelvoyles.com
William A. Isaacson E-mail: adam@lubelvoyles.com
D. Michael Underhill
Eric J. Maurer Kip Glasscock
BOIES, SCHILLER & FLEXNER LLP Texas State Bar No. 08011000
5301 Wisconsin Avenue, NW KIP GLASSCOCK, P.C.
Washington, DC 20015 550 Fannin, Suite 1350
Telephone: 202.237.2727 Beaumont, Texas 77701
Fax: 202.237.6131 Telephone: (409) 833-8822
E-mail: wisaacson@bsfllp.com Fax: (409) 838-4666
E-mail: munderhill@bsfllp.com E-mail: kipglasscock@hotmail.com
E-mail: emaurer@bsfllp.com

Russell A. Chorush
*Attorneys for Plaintiff ROY-G-BIV* Texas State Bar No. 24031948
*Corporation* HEIM, PAYNE & CHORUSH, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Fax: (713) 221-2021
E-mail: rchorush@hpcllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2012, counsel of record for the parties are being served a copy of the foregoing document via the Court's CM/ECF system.

/s/ Adam Q. Voyles
Adam Q. Voyles