## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation, | ) CASE NO. 6:11-CV-00624 |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) **JURY TRIAL DEMANDED** |
| | ) |
| vs. | ) **The Hon. Chief Judge Leonard Davis** |
| | ) |
| SIEMENS CORPORATION,  and | ) **SIEMENS INDUSTRY, INC.' AND** |
| SIEMENS INDUSTRY, INC.,  | ) **SIEMENS CORPORATION'S** |
| | ) **ANSWER, AFFIRMATIVE DEFENSES,** |
| Defendants/Counterclaim Plaintiffs, | ) **AND COUNTERCLAIMS TO** |
| and | ) **PLAINTIFF'S 12/13/11 AMENDED** |
| | ) **COMPLAINT** |
| SIEMENS AG, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S ALLEGATIONS

Defendants Siemens Industry, Inc. ("Siemens Industry") and Siemens Corporation ("Siemens Corporation"), by and through their undersigned counsel, hereby answer the allegations in the December 13, 2011 Amended Complaint for Patent Infringement ("First Amended Complaint") of ROY-G-BIV Corporation ("Plaintiff") as follows:

### THE PARTIES

1.      Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore deny them.

2.      Siemens Corporation admits that it is a Delaware corporation with a principal place of business at 300 New Jersey Avenue NW, Washington, DC 20001.  Siemens Corporation admits that it may be served via its registered agent at CT Corporation 350 N. Saint Paul St., Dallas, Texas 75201-4234.  Siemens Corporation otherwise denies the allegations in paragraph 2.

3.      Siemens Industry admits that it is a Delaware corporation with a principal place of business at 3333 Old Milton Parkway, Alpharetta, GA 30005-4437.  Siemens Industry admits that it may be served via its registered agent at CT Corporation 350 N. Saint Paul St., Dallas, Texas 75201-4234.  Siemens Industry otherwise denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 pertain to Siemens AG ("Siemens AG") rather than Siemens Industry or Siemens Corporation, and do not require a response from Siemens Industry or Siemens Corporation.

## JURISDICTION AND VENUE

5.      Siemens Industry and Siemens Corporation admit that Plaintiff alleges patent infringement against Siemens Industry and Siemens Corporation under the patent laws of the United States, but deny that there are any factual or legal bases for Plaintiff's claims.  Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegation that the patents-in-suit are owned by ROY-G-BIV and therefore deny it.

6.      Based on their investigation to date, Siemens Industry and Siemens Corporation admit this Court has subject matter jurisdiction over this action.

7.      Siemens Industry admits this Court has personal jurisdiction over Siemens Industry for purposes of this action only.   Except as specifically admitted herein, Siemens Industry denies the remaining allegations in paragraph 7.   Siemens Corporation denies the allegations in paragraph 7.  To the extent the allegations in paragraph 7 pertain to Siemens AG, no response is required by Siemens Industry or Siemens Corporation.

8.      Siemens Industry and Siemens Corporation deny the allegations in paragraph 8. To the extent the allegations in paragraph 8 pertain to Siemens AG, no response is required by

Siemens Industry or Siemens Corporation.  Siemens Industry and Siemens Corporation reserve the right to seek transfer of this action, including any counterclaims, to a more appropriate forum.

## THE PATENTS

9.      Siemens Industry and Siemens Corporation admit that U.S. Patent No. 6,513,058 ("the '058 patent"), titled "Distribution of Motion Control Commands Over a Network," was issued on January 28, 2003 and that what appears to be a true copy of the '058 patent was attached to Plaintiff's First Amended Complaint as Exhibit A.  Siemens Industry and Siemens Corporation deny that the '058 patent was duly and/or legally issued.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 9.

10.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore deny them.

11.     Siemens Industry and Siemens Corporation admit that the '058 patent was the subject of an inter-partes reexamination proceeding.  Siemens Industry and Siemens Corporation admit that a certification of reexamination issued on June 28, 2011 without amendments to the language in the '058 patent claims.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 11.

12.     Siemens Industry and Siemens Corporation admit that U.S. Patent No. 6,516,236 ("the '236 patent"), titled "Motion Control Systems," was issued on February 4, 2003 and that what appears to be a true copy of the '236 patent was attached to Plaintiff's First Amended Complaint as Exhibit B.  Siemens Industry and Siemens Corporation deny that the '236 patent

was duly and/or legally issued.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 12.

13.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore deny them.

14.     Siemens Industry and Siemens Corporation admit that the '236 patent was the subject of an inter-partes reexamination proceeding.  Siemens Industry and Siemens Corporation admit that a certification of reexamination issued on June 28, 2011 without amendments to the language in the '236 patent claims.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 14.

15.     Siemens Industry and Siemens Corporation admit the allegations in paragraph 15.

16.     Siemens Industry and Siemens Corporation admit that U.S. Patent No. 8,073,557 ("the '557 patent"), titled "Motion Control Systems," was issued on December 6, 2011 and that what appears to be a true copy of the '557 patent was attached to Plaintiff's First Amended Complaint as Exhibit C.  Siemens Industry and Siemens Corporation deny that the '557 patent was duly and/or legally issued.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 16.

17.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny them.

**OVERVIEW OF COMMUNICATIONS BETWEEN PARTIES**

18.     Siemens Industry and Siemens Corporation admit that RGB met with individuals from Siemens AG in Germany on or around July 16, 2010 and that at that meeting RGB stated

that it owned patents.  Siemens Industry and Siemens Corporation admit that an individual from Siemens AG sent a letter to RGB dated September 9, 2010.  Siemens Industry and Siemens Corporation admit that an individual from Siemens Industry sent RGB a letter dated March 11, 2011 stating that Siemens Industry would meet with RGB to discuss, among other topics, RGB's interest in licensing its patents.  Siemens Industry and Siemens Corporation admit that individuals from Siemens Industry, Siemens AG, and RGB had further communications about having a meeting during the first week of May 2011.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 18.

19.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 19. Further, to the extent paragraph 19 implies that Siemens Industry or Siemens Corporation ever believed they needed or wanted a license to the '058, '236, or '557 patent, Siemens Industry and Siemens Corporation deny any such implications.

20.     Siemens Industry and Siemens Corporation admit that RGB sent an email to an individual at Siemens AG on May 27, 2011 asking why "Siemens" was not interested in RGB's licensing proposal.  Siemens Industry and Siemens Corporation admit that an individual from Siemens AG responded to that letter on June 9, 2011 stating Siemens AG did not see a need for a license.  Except as specifically admitted herein, Siemens Industry and Siemens Corporation deny the remaining allegations in paragraph 19.

## RESPONSE TO COUNT I

### (Alleged Infringement of the '058 Patent)

21.     Siemens Industry and Siemens Corporation incorporate their responses to paragraphs 1 through 20 herein by reference as if fully set forth herein.

22.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 22.

23.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 23.

24.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 24.

25.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 25.

26.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore deny them.

27.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 27.

28.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 28.

## RESPONSE TO COUNT II

### (Alleged Infringement of the '236 Patent)

29.     Siemens Industry and Siemens Corporation incorporate their responses to paragraphs 1 through 28 herein by reference as if fully set forth herein.

30.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 30.

31.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 31.

32.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 32.

33.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 33.

34.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore deny them.

35.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 35.

36.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 36.

## RESPONSE TO COUNT III

### (Alleged Infringement of the '557 Patent)

37.     Siemens Industry and Siemens Corporation incorporate their responses to paragraphs 1 through 36 herein by reference as if fully set forth herein.

38.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 38.

39.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 39.

40.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 40.

41.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 41.

42.     Siemens Industry and Siemens Corporation lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore deny them.

43.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 43.

44.     Siemens Industry and Siemens Corporation deny the allegations in paragraph 44.

45.     Siemens Industry and Siemens Corporation deny that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the First Amended Complaint or otherwise.

46.     To the extent the section headings in the First Amended Complaint are intended to contain any allegations, Siemens Industry and Siemens Corporation specifically deny each and every allegation in the section headings.  Siemens Industry and Siemens Corporation further deny each and every allegation in the First Amended Complaint to which Siemens Industry and Siemens Corporation have not specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

47.     Siemens Industry and Siemens Corporation allege and assert the following defenses in response to the allegations in the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### FIRST DEFENSE

48.     The First Amended Complaint fails to state a claim upon which relief can be granted, including but not limited to it purporting to claim that Siemens Industry and/or Siemens Corporation purportedly jointly infringe the '058, '236, and '557 patents by directing or controlling the actions of other entities or persons.

### SECOND DEFENSE

49.     Siemens Industry and Siemens Corporation do not infringe, have not infringed, directly, indirectly, willfully, or otherwise, and do not and have not induced infringement or contributed to infringement of the '058, '236, and '557 patents under any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE

50.     The claims of the '058, '236, and '557 patents are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE

51.     By reason of statements and claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance of the '058, '236, and '557 patents, and by reason of statements and claim amendments made by or on behalf of the

applicants during the prosecution of the reexamination applications of the '058 and '236 patents, and related applications, Plaintiff is estopped from asserting a scope for the claims of the '058, '236, and '557 patents that could cover Siemens Industry's or Siemens Corporation's allegedly infringing activities and products.

**FIFTH DEFENSE**

52.     Plaintiff's suit is barred or its claim for recovery is limited under the doctrines of waiver, acquiescence, estoppel, implied license, and/or unclean hands.

**SIXTH DEFENSE**

53.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**SEVENTH DEFENSE**

54.     Plaintiff's suit is barred or its claim for recovery is limited by license and/or patent exhaustion.

**EIGHTH DEFENSE**

55.     Plaintiff's claim for recovery is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

**NINTH DEFENSE**

56.     Plaintiff's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the '058, '236, and '557 patents by or for the United States.

**TENTH DEFENSE**

57.     Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## RESERVATION OF ADDITIONAL DEFENSES

58.     Siemens Industry and Siemens Corporation reserve the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

## COUNTERCLAIMS

Siemens Industry and Siemens Corporation, for its counterclaims against plaintiff and counterclaim defendant ROY-G-BIV Corp. ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

59.     This is a civil action for a declaration of non-infringement and invalidity of the patents-in-suit arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

60.     This Court has subject matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a).

61.     Plaintiff has submitted to personal jurisdiction in this Court in this suit.

62.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b), and because Plaintiff filed its Complaint in this district.   Siemens Industry and Siemens Corporation reserve the right to seek transfer of this action, including of these Counterclaims, to a more appropriate forum.

## THE PARTIES

63.     Defendant and counterclaim plaintiff Siemens Industry is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 3333 Old Milton Parkway, Alpharetta, GA 30005-4437.

64.     Defendant and counterclaim plaintiff Siemens Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 300 New Jersey Avenue NW, Washington, DC 20001.

65.     Upon information and belief, plaintiff and counterclaim defendant ROY-G-BIV Corp. is a Washington corporation with its principal place of business in Bingen, Washington.

## COUNTERCLAIM I

### (Declaratory Judgment of Non-Infringement of the '058 patent)

66.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 65 above, as though fully set forth herein.

67.     Plaintiff filed its First Amended Complaint in this Court alleging that Siemens Industry and Siemens Corporation infringe the '058 patent and alleging that Plaintiff has standing to bring a suit alleging infringement of the '058 patent.

68.     Because Plaintiff has sued Siemens Industry and Siemens Corporation in the present action alleging infringement of the '058 patent, an immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the alleged infringement of the '058 patent.

69.     Siemens Industry and Siemens Corporation do not infringe, have not infringed, directly, indirectly, willfully or otherwise, and do not and have not induced infringement or contributed to infringement of the '058 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

70.     No claim of the '058 patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Siemens Industry and/or Siemens Corporation.

71.     In addition, Siemens Industry and Siemens Corporation have defenses that preclude a finding of infringement, in whole or in part, including those listed in paragraphs 48-57.

72.     Siemens Industry and Siemens Corporation request declaratory judgment that Siemens Industry and Siemens Corporation do not infringe, directly or indirectly, any claim of the '058 patent.

## COUNTERCLAIM II

### (Declaratory Judgment of Invalidity of the '058 patent)

73.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 72 above, as though fully set forth herein.

74.     An immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the invalidity of the '058 patent.

75.     The claims of the '058 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

76.     Siemens Industry and Siemens Corporation request declaratory judgment that all claims of the '058 patent are invalid.

## COUNTERCLAIM III

### (Declaratory Judgment of Non-Infringement of the '236 patent)

77.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 76 above, as though fully set forth herein.

78.     Plaintiff filed its First Amended Complaint in this Court alleging that Siemens Industry and Siemens Corporation infringe the '236 patent and alleging that Plaintiff has standing to bring a suit alleging infringement of the '236 patent.

79.     Because Plaintiff has sued Siemens Industry and Siemens Corporation in the present action alleging infringement of the '236 patent, an immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the alleged infringement of the '236 patent.

80.     Siemens Industry and Siemens Corporation do not infringe, have not infringed, directly, indirectly, willfully or otherwise, and do not and have not induced infringement or contributed to infringement of the '236 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

81.     No claim of the '236 patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Siemens Industry and/or Siemens Corporation.

82.     In addition, Siemens Industry and Siemens Corporation have defenses that preclude a finding of infringement, in whole or in part, including those listed in paragraphs 48-57.

83.     Siemens Industry and Siemens Corporation request declaratory judgment that Siemens Industry and Siemens Corporation do not infringe, directly or indirectly, any claim of the '236 patent.

## COUNTERCLAIM IV

### (Declaratory Judgment of Invalidity of the '236 patent)

84.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 83 above, as though fully set forth herein.

13

85.     An immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the invalidity of the '236 patent.

86.     The claims of the '236 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

87.     Siemens Industry and Siemens Corporation request declaratory judgment that all claims of the '236 patent are invalid.

## COUNTERCLAIM V

### (Declaratory Judgment of Non-Infringement of the '557 patent)

88.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 87 above, as though fully set forth herein.

89.     Plaintiff filed its First Amended Complaint in this Court alleging that Siemens Industry and Siemens Corporation infringe the '557 patent and alleging that Plaintiff has standing to bring a suit alleging infringement of the '557 patent.

90.     Because Plaintiff has sued Siemens Industry and Siemens Corporation in the present action alleging infringement of the '557 patent, an immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the alleged infringement of the '557 patent.

91.     Siemens Industry and Siemens Corporation do not infringe, have not infringed, directly, indirectly, willfully or otherwise, and do not and have not induced infringement or contributed to infringement of the '557 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

14

92.     No claim of the '557 patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Siemens Industry and/or Siemens Corporation.

93.     In addition, Siemens Industry and Siemens Corporation have defenses that preclude a finding of infringement, in whole or in part, including those listed in paragraphs 48-57.

94.     Siemens Industry and Siemens Corporation request declaratory judgment that Siemens Industry and Siemens Corporation do not infringe, directly or indirectly, any claim of the '557 patent.

## COUNTERCLAIM VI

### (Declaratory Judgment of Invalidity of the '557 patent)

95.     Siemens Industry and Siemens Corporation incorporate by reference and reallege the allegations in paragraphs 59 through 94 above, as though fully set forth herein.

96.     An immediate, real and justiciable controversy exists between Siemens Industry and Siemens Corporation, on the one hand, and Plaintiff, on the other hand, with respect to the invalidity of the '557 patent.

97.     The claims of the '557 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

98.     Siemens Industry and Siemens Corporation request declaratory judgment that all claims of the '557 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Siemens Industry and Siemens Corporation pray for judgment in their favor and against Plaintiff and that Siemens Industry and Siemens Corporation be granted the following relief:

A.      Dismissal with prejudice of Plaintiff's First Amended Complaint in its entirety;

B.      Denial of all remedies and relief sought by Plaintiff in its First Amended Complaint or otherwise sought in this action;

C.      Declaring that Siemens Industry and Siemens Corporation do not infringe and have not infringed, willfully or otherwise, any claim of the '058, '236, and '557 patents, either directly or indirectly, or literally or under the doctrine of equivalents;

D.      Declaring that the claims of the '058, '236, and '557 patents are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112;

E.      Declaring that Siemens Industry and Siemens Corporation are prevailing parties under Federal Rule of Civil Procedure 54(d)(1) and awarding costs;

F.      Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Siemens Industry and Siemens Corporation its costs, expenses, and disbursements in this action, including reasonable attorneys fees; and

G.      Awarding Siemens Industry and Siemens Corporation such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Siemens Industry and Siemens Corporation hereby demand a jury trial on all the issues so triable.

DATED: March 16, 2012

By: */s/ Melissa R. Smith*
Melissa R. Smith (S.B.N. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Gregg F. LoCascio, P.C., Lead Counsel (*pro hac vice*)
gregg.locascio@kirkland.com
Sean M. McEldowney (*pro hac vice*)
sean.mceldowney@kirkland.com
Christopher R. Nalevanko (*pro hac vice*)
christopher.nalevanko@kirkland.com
KIRKLAND & ELLIS LLP
655 15th St. N.W., Suite 1200
Washington, D.C.  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Attorneys for Defendants and Counterclaim Plaintiffs
SIEMENS INDUSTRY, INC.
SIEMENS CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document , via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of March, 2012.

*/s/ Melissa R. Smith*

17